# UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF OHIO
### EASTERN DIVISION

| | | |
|---|---|---|
| **In Re:** Robert White Hull, Jr. | ) | **Chapter 13 Case No.:** |
| Jennifer Lynn Hull | ) | |
| | ) | **Judge Marilyn Shea-Stonum** |
| | ) | |
| Debtor(s). | ) ☒ | **Original Chapter 13 Plan** |
| | ) ☐ | ( number) **Amended Chapter 13 Plan**\*\* |
| | ) ☐ | **See Paragraph Twelve for Special Provisions** |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**ATTENTION CREDITORS - YOUR RIGHTS MAY BE AFFECTED.**

The purpose of this plan is to organize how claims are proposed to be paid and allow users of the plan to easily review the plan for specific items and treatment under the plan. Creditors must exercise their own judgment in deciding whether to accept or oppose the plan. Creditors should read this plan carefully and discuss it with their attorney. Anyone who wishes to oppose any provision of this plan must file with the Court a timely written objection. This plan may be confirmed and become binding without further notice or hearing unless a timely written objection is filed. **Creditors must file a proof of claim with the Court in order to receive distributions under this plan. Absent an objection by the Debtor(s) or other party in interest, the Trustee shall pay claims as filed. Secured claims must have proof of security attached. Creditors claiming a right to interest should state the interest rate on the front page of the proof of claim.**

_____

\*\* Reason Plan is Being Amended

## 1. PLAN PAYMENTS

Within 30 days of the filing of this bankruptcy case, the Debtor or Debtors (hereinafter "Debtor") shall commence making monthly plan payments (the "Monthly Plan Payment") pursuant to 11 U.S.C. §1326(a)(1), as follows:

A. To the Chapter 13 Trustee (hereinafter "Trustee"): $551.00 per month, payable in
☐ monthly ☐ semi-monthly X☐ bi-weekly ☐ weekly installments of $255.00 each,

  X  The Debtor, Robert Hull, is employed by The University of Akron, 302 Buchtel Common, Akron, OH 44325 and shall make payment by payroll deduction.

_____ The Debtor is self-employed and shall make payments to the Trustee by cashier check or money order.

_____ The Debtor is retired and/or has (source of income) and shall make payments to the Trustee by check or money order.

The Debtor further proposes to devote all annual income tax refunds greater than $1,500 (Fifteen Hundred Dollars), excluding child care, educational, and earned income credits to the repayment of creditors under this plan. Upon application by the Debtor(s), and for good cause shown, the Court may consider and may grant a temporary suspension of plan payments without hearing or notice. A suspension of plan payments, if approved by the Court, will not reduce the total amount of repayment creditors are to receive under the plan.

**2.     ADEQUATE PROTECTION PAYMENTS PRIOR TO CONFIRMATION**

Concurrent with the filing of this plan, the Debtor has filed an agreed entry with the Trustee authorizing the Trustee to make adequate protection payments to the following creditors.  Pursuant to 11 USC Section 102, creditors shall have 20 days to review the agreed entry for adequate protection payments and file an objection if the creditor opposes the adequate protection payment.

| Creditor and Collateral | Account # | Address | Amount |
|---|---|---|---|
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |

**3.   ORDER OF DISTRIBUTION**

After confirmation of this plan, funds available for distribution will be paid monthly by the Trustee in the following order: (i) Trustee's authorized percentage fee and/or administrative expenses; (ii) attorney fees as allowed under applicable rules and guidelines; (iii) monthly payments as provided for in Paragraphs 4, 5 and 6; (iv) priority domestic support obligation claims pursuant to 11 U.S.C. §507(a)(1); (v) other priority unsecured claims pursuant to 11 U.S.C. §507(a); and (vi) general unsecured claims.  If the Trustee has received insufficient funds from the Debtor to make the monthly payment to secured creditors, the Trustee may use best efforts to pay secured creditors from the funds on deposit with the Trustee on the date of distribution.  Should the Debtor's plan payments result in the completion of payments to unsecured and priority creditors while leaving a balance owing to secured creditors, the Trustee is authorized to remove the fixed monthly payment amounts to  finish payment to secured creditors on a pro rata basis in order to expedite payment to the secured creditors.

**4.   CLAIMS SECURED BY REAL PROPERTY**

**A.   Mortgage Arrearages and Real Estate Tax Arrearages**

Trustee shall pay the monthly payment amount to allowed claims for mortgage arrearages and real estate tax arrearages in equal monthly payments.  Trustee will pay interest on the mortgage arrearage if the proof of claim provides for interest, unless an objection to the claim is filed and an order is entered disallowing the requested interest.  Note:  The interest rate requested by the creditor should be stated on the front of the proof of claim.  Debtor shall pay all post-petition mortgage payments and real estate taxes as those payments ordinarily come due beginning with the first payment due after the filing of the case.

| Creditor | Property Address | Estimated Arrearage Claim | Interest Rate | Monthly Payment (Paid by Trustee) |
|---|---|---|---|---|

**B. Liens and Other Claims secured by Real Estate**

| Creditor | Property Address | Amount to be Paid Through the Plan | Interest Rate | Monthly Payment (Paid by Trustee) |
|---|---|---|---|---|
| | | | | |

## 5. CLAIMS SECURED BY PERSONAL PROPERTY

### A. Secured Claims to be Paid Through the Plan:

Trustee shall pay the following claims in equal monthly payments.

| Creditor | Collateral Description | Claim Amount | Interest Rate | Monthly Payment (Paid by Trustee) |
|---|---|---|---|---|
| | | | | |

## 6. FEDERAL TAX LIENS SECURED BY REAL AND PERSONAL PROPERTY

| Claim Amount | Interest Rate | Monthly Payment (Paid by Trustee) |
|---|---|---|
| | | |

## 7. DOMESTIC SUPPORT OBLIGATIONS

Debtor ☐ does    X☐ does not   have domestic support obligations pursuant to 11 U.S.C. §101(14A).

If the Debtor does have domestic support obligations:
The holder(s) of any claims for domestic support obligations pursuant to 11 U.S.C. §1302(d) are as specified below.  If the holder of a claim is a minor, the name and address of the minor holder shall be disclosed to the Trustee contemporaneously with the filing of this plan in compliance with 11 U.S.C. §112.

| Holder Name | Address of Holder (if known) | Address of Child Enforcement Support Agency ( mandatory) |
|---|---|---|
| | | |

Trustee shall pay pursuant to 11 U.S.C. §507(a)(1) on a pro-rata basis the allowed arrearage claims for domestic support obligations.  Debtor shall pay all post-petition domestic support obligations as those payments ordinarily come due.

| Creditor Name | Creditor Address | Estimated Arrearage Claim |
|---|---|---|
| | | |

## 8. OTHER PRIORITY CLAIMS

Trustee shall pay pursuant to 11 U.S.C. §507(a) on a pro-rata basis other allowed unsecured priority claims.

| Creditor | Claim Amount |
|----------|--------------|
|          |              |

## 9. GENERAL UNSECURED CLAIMS

Unsecured Creditors shall be paid 33% of timely filed and non disputed general non-priority unsecured claims.

## 10. PROPERTY TO BE SURRENDERED

Debtor will surrender the following property no later than 30 days from the filing of the case unless specified otherwise in the plan. The creditor may file a claim for the deficiency and will be treated as a non-priority unsecured creditor. Any unsecured deficiency claim must be filed within 180 days from the date that the petition is filed. A deficiency claim filed beyond the 180 days must be allowed by separate order of the Court.

| Creditor | Property Description |
|----------|---------------------|
| CitiFinancial | real estate property: 1303 Harpster Avenue, Akron, OH 44314 |
| HSBC (c/o Mortgage Electronic Registration Systems) | real estate property: 1303 Harpster Avenue, Akron, OH 44314 |

## 11. EXECUTORY CONTRACTS AND UNEXPIRED LEASES

All executory contracts and unexpired leases are rejected except the following, which are assumed and shall be paid directly by the Debtor to the creditor:

| Creditor | Property Description |
|----------|---------------------|
|          |                     |

## 12. SPECIAL PROVISIONS
a. Debtors will pay monthly payments of $214.00 outside the Plan to secured creditor, Towpath Credit Union, for their 1999 Ford F250 automobile.
b. Debtors will pay monthly payments of $520.00 outside the Plan to secured creditor, Fifth Third Bank, for their 2005 Ford Explorer automobile.
c. The Plan shall be for 60 months in duration.
d. Attorney fees are $3000.00; fees of $484.00 have been paid outside the Plan, remaining fees of $2516.00 shall be paid inside debtor's Chapter 13 Plan.


| /s/Robert White Hull, Jr. | /s/Jennifer Lynn Hull |
|---------------------------|----------------------|
| Debtor's Signature – Name typed below | Debtor's Signature – Name typed below |
| Robert White Hull, Jr. | Jennifer Lynn Hull |

Attorney Signature  /s/James F. Ciccolini

Name     James F. Ciccolini

Ohio Registration No.        0058767

Address   1172 N. Wooster Road, Barberton, OH 44203

Phone          (330) 745-6606

Fax            (330) 745-6601

**EXHIBIT A TO ADMINISTRATIVE ORDER 04-01**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF OHIO

In Re: Robert White Hull, Jr.            ) Chapter 13 Case No.
      Jennifer Hull                   )
                                    ) Bankruptcy Judge
                   Debtor(s)         )

**RIGHTS AND RESPONSIBILITIES OF
CHAPTER 13 DEBTORS AND THEIR ATTORNEYS**

It is important for debtors who file a bankruptcy case under Chapter 13 to understand their rights and responsibilities.  It is also important that the debtors know what their attorney's responsibilities are, and understand the importance of communicating with their attorney to make the case successful. Debtors should also know that they may expect certain services to be performed by their attorney.  It is also important for debtors to know the costs of attorneys' fees through the life of the plan.  In order to ensure the debtors and their attorney understand their rights and responsibilities in the bankruptcy process, the following guidelines provided by the Court are hereby agreed to by the debtors and their counsel:

**A. Before the case is filed:**

The **debtor** agrees to:

       1.  Provide the attorney with accurate, and, to the best of the debtor's ability, complete financial information.

  2.  Discuss with the attorney the debtor's objectives in filing the case.

       3.  Keep all scheduled meetings and/or appointments, both with the     attorney and with other parties to the case.

  4.  Respond to all attorney requests as soon as possible.

       5.  Provide the attorney with a working telephone number or other form of communication.

The **attorney** agrees to:

       1.  Personally meet with the debtor to review the debtor's assets, liabilities, income and expenses.

2. Counsel the debtor regarding the availability of filing either a Chapter 7 or Chapter 13 case, discuss both procedures with the debtor, and answer the debtor's questions.

3. Explain what payments will be made directly by the debtor, such as mortgages and vehicle lease payments, and what payments will be made through the Chapter 13 plan.

4. Explain to the debtor how, when and where to make the required Chapter 13 plan payments.

5. Explain to the debtor how the attorney's fees and Trustee's fees are paid, and provide an executed copy of this document to the debtor.

6. Explain to the debtor that the first plan payment must be made to the Trustee within 10 days of the date that the plan is filed.

7. Advise the debtor of the requirement to attend the 341 Meeting of the Creditors and bring to the meeting a valid, unexpired picture identification and proof of social security number.

8. Advise the debtor of the necessity of maintaining liability, collision, and comprehensive insurance on vehicles owned or leased by the debtor.

9. Advise the debtor of the necessity of maintaining insurance on any real property that the debtor may own.

10. Timely prepare and file the debtor's petition, plan, statements, and schedules, as well as any required amendments thereto.

**B. After the case is filed:**

The **debtor** agrees to:

1. Keep the Trustee and the attorney informed as to the debtor's current address and telephone number.

2. Timely make all Chapter 13 payments to the Chapter 13 Trustee.

3. Timely make all post-petition payments to the mortgage company and any other creditors that the debtor has agreed to pay directly, and, if appropriate, maintain proper insurance coverage and pay post-petition tax obligations concerning the same in a timely fashion.

4. Cooperate with the attorney in preparing all pleadings and attending all hearings as required.

5. Prepare and file all delinquent federal, state, and local tax returns within 30 days, and thereafter file all tax returns in a timely manner.

6. Promptly inform the attorney of any wage garnishments or attachments of assets which occur or continue to occur after the filing of the case.

7. Let the attorney know if the debtor is sued at any time during the case.

8. Contact the attorney regarding any changes in employment, increases or decreases in income, or any other financial problems or changes.

9. Cooperate with the attorney and the Trustee in timely producing any financial or supporting documents requested by the attorney or the Trustee.

10. Contact the attorney to find out what approvals are required before buying, refinancing, or selling real property, or before entering into any long-term loan or lease agreements.

The **attorney** agrees to:

1. Continue to represent the debtor through the conclusion of the case, whether by dismissal or discharge.

2. Instruct the debtor as to the date, time and location of the 341 Meeting of Creditors, and appear at the 341 Meeting of Creditors with the debtor.

3. Respond to objections to plan confirmation, and, when necessary, prepare an amended plan.

4. Prepare, file, and serve necessary plan modifications which may include suspending, decreasing, or increasing plan payments.

5. Prepare, file, and serve necessary amended statements in accordance with information provided by the debtor.

6. Prepare, file, and serve necessary motions to incur debt, or to buy, sell, or refinance real property when appropriate.

7. Object to improper or invalid claims, if necessary, based upon documentation provided by the debtor.

8. Be available to respond to the debtor's questions throughout the life of the plan.

9. Represent the debtor in motions for relief from stay and motions to dismiss or convert.

10. Provide such other legal services as are necessary to the administration of the case before the Bankruptcy Court, which include, but are not limited to, meeting with the debtor, presenting appropriate legal pleadings, and making necessary court appearances.

11. File an executed copy of this document with the Court, and provide executed copies of it to the debtor and the Chapter 13 Trustee.

## C. Attorney fees:

The initial fee charged the debtor, exclusive of court costs, is $ 3000.00 , of which $ 484.00   Was paid before the filing of the Chapter 13, and with the balance of $ 2516.00  being paid by the Chapter 13 Trustee after confirmation of the Chapter 13 Plan.  The attorney may not demand or receive any additional fees directly from the debtor, other than the initial retainer, unless the Court orders otherwise.

If the Chapter 13 case is either converted or dismissed before confirmation of a plan, absent contrary Court order, the Chapter 13 Trustee shall pay to the attorney for the debtor, to the extent funds are available, an administrative claim equal to 25% of the unpaid balance of the total fee that the debtor agreed to pay.

If the initial fee charged to the debtor and ordered by the Court is not sufficient to compensate the attorney for legal services rendered in the case, the attorney agrees to apply to the Court for approval of additional fees.  The following legal services are not covered by the initial fee charged the debtor, and the attorney may apply to the Court for payment in amount specified:

| Additional Fee, If Any, Debtor Agrees to Pay Should Additional Service Be Performed* | Description of Additional Legal Service Not Covered By Initial Fee |
|---|---|
| $350.00 | For a post-confirmation plan modification |
| $350.00 | For a motion for authority to buy, sell, or refinance real property |
| $200.00 | For a motion to incur debt, such as the purchase or lease of a motor vehicle |

*Counsel requesting approval of fees in excess of the amounts stated in paragraph 2 or 5 of Administrative Order 04-XX must file a detailed fee application with the Court.

**Additional Fee, If Any,**
**Debtor Agrees to Pay**
**Should Additional Service**            **Description of Additional Legal Service**

10-54237

| Be Performed* (Continued) | Not Covered By Initial Fee (Continued) |
|---|---|
| $300.00 | For defense of additional motions to lift stay, beyond one concerning the debtor's residence and one concerning a vehicle, which are included within initial fee, but not including an evidentiary hearing. |
| $300.00 | Motions for authority to settle insurance claims and/or to use or distribute insurance proceeds |
| $200.00 | For a motion to reinstate the automatic stay |
| $100.00 | For a motion seeking suspension of the play or payment deferral |

In addition, the attorney may need to provide legal services to the debtor that are not covered by the initial fee charged. Such services include: handling novel, complex, or non-routine motions, oppositions to motions, or objections to claims; representation in connection with an evidentiary hearing; or representation in adversary proceedings. These types of proceedings may be billed at reasonable hourly rates, and the attorney shall file a fee application in compliance with Bankruptcy Rules 2002 and 2016, setting forth, at a minimum, as to each activity for which a fee is requested, the identity of the person performing such services, the billing rate for such person, the services performed, the dates of the services, and the amount of time expended. The attorney's current hourly rate is $175.00.

All post-filing attorney fees shall be paid through the plan unless otherwise ordered by the Court. If the debtor disputes the legal services provided or the fees charged by the attorney, the debtor may file an objection to the Court and set the matter for hearing. The attorney may move to withdraw for cause shown, or the debtor may discharge the attorney at any time.

The Court may, *sua sponte*, or upon motion of an interested party, disallow all or part of requested attorney's fees or may order the disgorgement of all or part of already collected fees if the Court find that the attorney failed to provide services in accordance with the guidelines set forth in this document.

Dated: 9/3/10      /s/Robert White Hull, Jr.
Debtor

Dated: 9/3/10      /s/Jennifer Lynn Hull
Debtor

Dated: 9/3/10      /s/James F. Ciccolini
Attorney for Debtor(s)